UNITED STATES DISTRICT COURT
IN THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| VIRGINIA LOUIS, AS ADMINISTRATOR OF THE ESTATE OF JOAN HAYDEN, | CASE NO.: 9:21-CV-1087-MBS |
| Plaintiff, | **Joint Rule 26(f) Report** |
| vs. | |
| NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK, | |
| Defendants. | |

The parties, having consulted pursuant to Rule 26(f), Fed. R. Civ. P., hereby report as follows (check one below):

_____   We agree that the schedule set forth in the Conference and Scheduling Order filed **August 27, 2021** is appropriate for this case. **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

✓   We agree that the schedule set forth in the Conference and Scheduling Order filed **August 27, 2021** requires modification as set forth in the attached proposed Consent Amended Scheduling Order). **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 will be jointly filed by the parties.** The parties agree and consent that this matter will not be tried before a United States Magistrate Judge.

_____   We are unable, after consultation, to agree on a schedule for this case. We, therefore, request a scheduling conference with the court. **The parties' proposed discovery plan as required by 26(f) Fed. R. Civ. P., with disagreements noted, and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

*Virginia Louis v. Amtrak*
*Case No.: 9:21-CV-1087-MBS*
*Rule 26(f) Report*

1. **A short statement of the facts of the case.**

   This is a negligence action arising out of an April 14, 2018, incident where Joan Hayden, Plaintiff's Decedent, fell and was injured while on Amtrak Train 98 near Yemassee, South Carolina. At the time of this incident, Joan Hayden was 82 years of age and was a ticketed passenger on the Amtrak Train traveling from Orlando, Florida, to Philadelphia, Pennsylvania. Plaintiff, Virginia Louis, is the daughter and administrator of the estate Joan Hayden.

2. **The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

   a. Plaintiff – See attached Schedule A.

   b. Defendant Amtrak – See attached Schedule B.

3. **The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

   a. Plaintiff – Plaintiff intends to name expert witnesses in this case and will disclose the names and subject matter of any proposed expert testimony pursuant to the applicable scheduling order in effect. Anticipated experts will likely be in the subject areas of accident reconstruction, railroad operations, and safety regulations.

   b. Defendant Amtrak – Not yet identified. Defendant anticipates offering expert testimony in the fields of accident reconstruction, biomechanics, safety regulations, injury causation, and economic loss, if necessary.

4. **A summary of the claims or defenses with statutory and/or case citations supporting the same.**

   a. Plaintiff asserts Amtrak was negligent in the operation of its train and in its care and supervision of Ms. Hayden, a known disabled passenger onboard Train No. 98. *See, e.g.*, *Thomas v. Atlantic Greyhound Corp.*, 204 S.C. 247 (1944). Plaintiff also asserts Amtrak engaged in discriminatory conduct which violated Title II of the Americans With Disabilities Act and Section 504 of the Rehabilitation Act of

2

*Virginia Louis v. Amtrak*
Case No.: 9:21-CV-1087-MBS
Rule 26(f) Report

        1973 by failing to provide reasonable modifications to its train cars to permit safe on-board circulation and seating and standing assistance to disabled passengers such as Ms. Hayden, and by failing to fully accommodate a known disabled passenger. *See Barnes v Gorman*, 536 U.S. 181 (2002).

    b. Defendant Amtrak has asserted several defenses, including but not limited to, the following:

(1)     Plaintiff's claims are preempted and/or precluded, in whole or in part, pursuant to the Rail Safety Act of 1970 (originally 45 U.C.S. § 431 et seq., now codified at 49 U.S.C. §§ 20106, et seq.) and the Highway Safety Act of 1973 (23 U.S.C. § 130, et seq.), as amended, and the regulations issued by the Secretary of Transportation pursuant thereto, as well as the Interstate Commerce Commission Termination Act of 1995 (49 U.S.C. §§ 10101-16106), the Rail Safety Improvement Act of 2008 (49 U.S.C. §§ 20101 et seq.), and any other applicable federal laws or regulations. Therefore, plaintiff's claims against Amtrak should be dismissed.

(2)     Plaintiff's claims are barred for the reason that any injuries allegedly sustained by plaintiff's decedent were the sole, direct, and proximate result of the negligence of plaintiff's decedent, and no act or negligence of any kind whatsoever of defendant or any of its agents contributed in any way to the incident described in plaintiff's complaint.

(3)     If defendant was negligent, reckless, willful, wanton, or grossly negligent in any particular, which is expressly denied, any injuries or damages sustained by plaintiff's decedent, as set forth in plaintiff's complaint, were due to and caused in whole or in part by plaintiff's decedent's own acts of negligence and recklessness and that such comparative negligence of plaintiff's decedent bars recovery if her negligence is greater than that of defendant, and reduces her recovery in proportion to the amount of her negligence if plaintiff's decedent's negligence is equal to or less than that of defendant.

(4)     To the extent plaintiff's claims allege any conduct of defendant Amtrak supports a punitive damages award, such a claim is violative of procedural and substantive due process under the Fifth and/or Fourteenth Amendments to the Constitution of the United States. Such claim also violates the Eight Amendment, the Commerce Clause of Article I of the United States Constitution, and the Full Faith and Credit Clause of Article IV of the United States Constitution. Furthermore, such claim violates parallel provisions of the South Carolina Constitution. Additionally, defendant pleads the limitations on punitive damages established by South Carolina law, including those limits codified by statute at S.C. Code Ann. § 15-32-510 through S.C. Code Ann. § 15-32-540. Defendant further asserts any such claim for punitive damages is barred by 49 U.S.C. § 28103, and that any award in this case is controlled and limited by the applicable provisions of 49 U.S.C. § 28103.

*Virginia Louis v. Amtrak*
Case No.: 9:21-CV-1087-MBS
Rule 26(f) Report

(5) Defendant asserts that if plaintiff's decedent was injured as claimed, and such injuries are specifically denied, plaintiff's decedent had pre-existing conditions for which defendant is not responsible and if plaintiff is entitled to recover for damages, which is denied, such recovery cannot include compensation for said pre-existing conditions not specifically caused by the subject collision.

(6) Plaintiff's claims are barred in part or in whole because plaintiff's decedent was not a "qualified individual with a disability" entitled to relief under 42 U.S.C. § 12131(2) and within the meaning of the statutes upon which plaintiff bases her claims.

(7) Defendant at all times relevant acted in good faith and under the reasonable belief that its actions were proper and in accordance with existing law.

(8) Defendant did not discriminate against plaintiff's decedent under 42 U.S.C. § 12132. Defendant's conduct with respect to plaintiff's decedent conformed to the requirements of all applicable statutes and regulations, including all statutory and regulatory provisions relating to intercity rail transportation.

(9) Defendant did not discriminate against plaintiff's decedent or deny her a full and equal opportunity to enjoy the goods and services provided by defendant on the basis of plaintiff's decedent's alleged disability. 42 U.S.C. § 12132.

(10) Defendant cannot be held liable for compensatory or punitive damages under Title II of the Americans with Disabilities Act or the Rehabilitation Act of 1973.

(11) Plaintiff lacks standing to pursue a claim for injunctive relief against this Defendant and therefore, Plaintiff's claims should be dismissed to the extent they seek such injunctive relief.

5. **Absent special instructions from the assigned judge, proposed dates for the following deadlines listed in Local Civ. Rule 16.02 (D.S.C.):**

   a. Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures.

   Plaintiff: **April 11, 2022.**

   Defendants: **May 11, 2022.**

   b. Completion of discovery: **July 15, 2022**.

*Virginia Louis v. Amtrak*
*Case No.: 9:21-CV-1087-MBS*
*Rule 26(f) Report*

6. **Any special circumstances that would affect the time frames applied in preparing the scheduling order. See generally Local Civ. Rule 16.02(C) (D.S.C.) (Content of Scheduling Order).**

   a. None at this time.

7. **Any additional information requested in the Pre-Scheduling Order (Local Civ. Rule 16.01 (D.S.C.)) or otherwise requested by the assigned judge.**

   a. See Consent Amended Scheduling Order attached hereto.

Dated:  September 30, 2021

/s/ Colin V. Ram
Colin V. Ram
W. Mullins McLeod, Jr.
McLeod Law Group, LLC
Post Office Box 21624
Charleston, South Carolina 29413
T: (843) 277-6655
colin@mcleod-lawgroup.com
*Attorneys for Plaintiff*

/s/ William W. Stewart, Jr.
William W. Stewart, Jr.
Millberg Gordon Stewart PLLC
1101 Haynes Street, Suite 104
Raleigh, North Carolina 27604
T: 919.836.0090
F: 919.836.8027
bstewart@mgsattorneys.com
*Attorneys for Defendant Amtrak*

*Virginia Louis v. Amtrak*
*Case No.: 9:21-CV-1087-MBS*
*Rule 26(f) Report*

## SCHEDULE A

(1) Virginia Louis
c/o McLeod Law Group, LLC
Post Office Box 21624
Charleston, South Carolina 29413

Subjects of knowledge: Ms. Louis is expected to testify as to the claims and damages alleged in the complaint, including her knowledge of facts and circumstances regarding her communications with Amtrak personnel and the injuries to Joan Hayden as alleged in the complaint.

(2) Amtrak personnel onboard Amtrak Train no. 98 on April 14, 2018.

c/o Millberg Gordon Stewart
1101 Haynes Street, Suite 104
Raleigh, NC 27604

Subjects of knowledge: These witnesses are expected to testify regarding their knowledge of facts and circumstances regarding (i) their communications with Virginia Lewis and/or Joan Hayden prior to Train No. 98's departure from the station; (ii) their communications and interactions with Ms. Hayden onboard the train; (iii) their actions onboard in response to Ms. Hayden's injuries; and (iv) operation of the train on April 14, 2018.

(3) Amtrak station personnel on duty on April 14, 2018 in Orlando, Florida and Charleston, South Carolina.

c/o Millberg Gordon Stewart

Subjects of knowledge: Knowledge of facts and circumstances regarding their communications with Virginia Lewis and/or Joan Hayden prior to Train No. 98's departure from the Orlando station and her disembarkation in South Carolina.

(4) Ms. Hayden's medical providers and EMS personnel who responded to the Yemassee train station to transport her to the hospital.

(5) Expert witnesses, not yet identified, who will be disclosed consistent with the Scheduling Order in this case.

Plaintiff reserves the right to identify additional witnesses in this case as discovery in this matter continues.

*Virginia Louis v. Amtrak*
Case No.: 9:21-CV-1087-MBS
Rule 26(f) Report

## SCHEDULE B

(1)  Virginia Louis
c/o McLeod Law Group, LLC
Post Office Box 21624
Charleston, South Carolina 29413

Subjects of knowledge: Ms. Louis is expected to testify as to the claims and damages alleged in the complaint.

(2)  Mark Salerno
c/o Millberg Gordon Stewart
1101 Haynes Street, Suite 104
Raleigh, NC 27604

Subjects of knowledge: Mr. Salerno was part of Amtrak train 98's staff at the time of the incident and may, to the extent knowledgeable, testify regarding Mrs. Hayden's fall, the aftermath, and passenger care/assistance.

(3)  Allen Hester
c/o Millberg Gordon Stewart
1101 Haynes Street, Suite 104
Raleigh, NC 27604

Subjects of knowledge: Mr. Hester was a conductor on Amtrak train 98's staff at the time of the incident and may, to the extent knowledgeable, testify regarding Mrs. Hayden's fall, the aftermath, and passenger care/assistance.

(4)  Christopher Mertz
c/o Millberg Gordon Stewart
1101 Haynes Street, Suite 104
Raleigh, NC 27604

Subjects of knowledge: Mr. Mertz was an assistant conductor on Amtrak train 98's staff at the time of the incident and may, to the extent knowledgeable, testify regarding Mrs. Hayden's fall, the aftermath, and passenger care/assistance.

(5)  DL White
c/o Millberg Gordon Stewart
1101 Haynes Street, Suite 104
Raleigh, NC 27604

*Virginia Louis v. Amtrak*
*Case No.: 9:21-CV-1087-MBS*
*Rule 26(f) Report*

> Subjects of knowledge: Mr. White was the engineer operating Amtrak train 98 at the time of the incident.

(6) Other Members of Amtrak's Train Crew/Staff

> Subjects of knowledge: Other members of Amtrak's train crew/staff may be able to testify, to the extent knowledgeable, regarding Mrs. Hayden's fall, the aftermath, and passenger care/assistance.

(7) Medical providers of plaintiff regarding treatment before and after the subject incident.

(8) Expert witnesses, not yet identified, who will be disclosed consistent with the Scheduling Order in this case.

Defendant Amtrak reserves the right to identify additional witnesses in this case as discovery in this matter continues.